## JONATHAN HARRIS v. JOSEPH A. DAVIS.

In an action of covenant, for the non-payment of a certain amount borrowed in bank bills, the measure of damages is, the value of such bills when obtained, in coin, and evidence as to the value of the property which the covenantor afterwards purchased therewith, is not competent.

COVENANT, tried before *Tourgee, J.*, at Spring Term 1870 of GUILFORD Court.

The plaintiff declared upon a bond for the payment of money at one day after date, dated December 12th, 1863. It was admitted that the consideration therefor was a loan of bank bills; and the only question between the parties was as to the measure of damages. The plaintiff submitted that he should be allowed to prove the value of the property (mills), which had been bought by the defendant with the bills so borrowed. The Court rejected the evidence, and the plaintiff excepted.

Verdict, and judgment, for the plaintiff, for the value in coin, increased by the depreciation in greenbacks, &c.

The plaintiff appealed.

*Gorrell,* for the appellant.
*Scott & Scott, contra.*

READE, J. As the covenant was to be performed by payment of the amount in bank-bills, it was necessary to show the value of the bank-bills at the time of the breach of the covenant: and to show their value the plaintiff offered to prove that the defendant used them in paying for a mill which he had bought, and also to prove the value of the mill.

Coin being the *standard* of value, it is evident that to ascertain the value of any thing else, it must be compared with the standard. When the value of bank-bills was at

issue, the question was, how much coin would they purchase; how were they rated in the money market; what was their "general character" as a purchasing or debt-paying medium. The plaintiff insists that he was within this rule, when he offered to prove the value of the mill for which they were paid—to prove first that the bills were paid, and then to prove what the mill was worth. This, to say the least, would seem as if taking two steps instead of one. But that would not be all. There must be the further inquiry into all the circumstances of the sale, whether it was a good or a bad bargain, what was the inducement to the sale, and what the inducement to the purchase: and many other collateral questions would have to be considered which neither party would come prepared to meet. If a man's character is at issue, it would certainly affect it to prove that, upon a certain occasion, he committed perjury or larceny; but such proof would not be allowed, because it is not to be supposed that a man is prepared, without notice, to explain every act of his life, but only his general character. So here, it is not to be supposed that the defendant came prepared to prove what was the value of his mill, and what was his inducement to give too much, or the seller's inducement to take too little, for it, or whether it was a good or a bad bargain. There would be no certainty in trials, and no end to litigation, if the Courts were to tolerate such latitude in the evidence.

The only proper enquiry was, what was the "general character," and value, of the bank-bills. There is no error.

The plaintiff having appealed from a judgment in his favor, and the judgment being affirmed, he will pay the costs of the appeal.

PER CURIAM.                              Judgment affirmed.